IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LASHAWN R. PETTUS-BROWN, )  )  Plaintiff, )  )  v. )  )  UNITED STATES OF AMERICA, )  )  Defendant. ) | No. 1:07-cv-052 |

**MEMORANDUM OPINION**

This matter is before the court on defendant United States of America's motion to dismiss [doc. 12]. At *pro se* plaintiff's request, the court has granted three extensions of time for plaintiff to either file a response or obtain legal counsel. The last of these court-extended deadlines has now passed without action by plaintiff, and defendant's motion is ripe for consideration. For the reasons stated herein, the motion will be granted and this case will be dismissed.

I.

*Background*

Although the introductory sentence of plaintiff's *pro se* complaint references "the above mentioned *defendants*" (court's emphasis added), the United States of America is in fact the only named defendant in this case. Citing various federal statutes, plaintiff seeks more than $10,000,000.00 in damages for purported constitutional violations. In addition, plaintiff requests injunctive and declaratory relief against "Grant County Detention

Center."

## II.

### *Authority*

The Federal Rules provide for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (internal citations omitted). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436 (emphasis in original) (internal citations and quotations omitted).

*Pro se* complaints are entitled to an additional layer of liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this less stringent standard "does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Steen v. Detroit Police Dep't*, No. 92-2409, 1993 WL 219875, at *1 (6th Cir. June 21, 1993)

(citation and quotation omitted).

### III.

*Analysis*

The doctrine of sovereign immunity bars suits for money damages against the United States of America unless the government has unequivocally and expressly waived that immunity. *See Blakely v. United States of America*, 276 F.3d 853, 870 (6th Cir. 2002). The court has reviewed the statutory grounds cited in plaintiff's complaint and finds no such waiver.

Congress did not waive sovereign immunity through the general grant of federal question jurisdiction contained in 28 U.S.C. § 1331. *See Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir. 1998). The same holds true for the other statutory grounds cited in the complaint. *See FDIC v. Meyer*, 510 U.S. 471, 474, 477-78 (1994) (28 U.S.C. § 2675, as to constitutional tort claims); *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (42 U.S.C. § 1983); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (42 U.S.C. § 1985). The remaining statute cited by plaintiff, "42 U.S.C. § 1841," does not exist. Plaintiff's claims against the United States must therefore be dismissed on the basis of sovereign immunity.

Plaintiff's request for injunctive and declaratory relief against "Grant County Detention Center" must also be dismissed. Notwithstanding obvious issues regarding plaintiff's present standing to bring such claims, neither the Grant County Detention Center nor Grant County, Kentucky nor any other pertinent entity has been named as a defendant

in this lawsuit.

      An order consistent with this opinion will be entered.

    ENTER:

s/ Leon Jordan<br>
United States District Judge